**BEST IMPRESSIONS, INC.**

v.

**PORT EDGEWOOD LTD.**

No. 93–239–Appeal.

Supreme Court of Rhode Island.

April 14, 1994.

Peter Pingitore, Arthur Read, III.

Donald Page.

ORDER

This case came before the Supreme Court for oral argument on April 7, 1994, pursuant to an order directing Best Impressions, Inc. (plaintiff), to show cause why its appeal of a directed verdict in favor of Port Edgewood Ltd. (defendant) should not be summarily denied and dismissed.

After examining the memoranda submitted by the parties and after consideration of the presentations at oral argument, we are of the opinion that cause has not been shown.

In November 1986 plaintiff signed a lease agreement with defendant, who agreed to provide wet storage for plaintiff's yacht from that date through April 30, 1987.

En route to defendant's facility, the yacht experienced mechanical problems resulting in a damaged exhaust hole. While docked at the facility during a storm, the yacht sank and sustained damage. The plaintiff's complaint alleged that defendant's negligence caused the yacht to sink and, in particular, that defendant failed to secure the yacht in a three-sided slip instead of at the end of the marina where it was berthed when the storm hit.

At trial, defendant moved for a directed verdict, which the trial justice granted, based on provisions of the parties' rental agreement. We concur with the judgment of the Superior Court. The rental agreement unequivocally holds the lessee (i.e. plaintiff) liable for loss and damage to its property, and the agreement further declares that the lessee releases and discharges the lessor (i.e. defendant) "from any and all liability from loss, injury (including death) or for damages * * * sustained * * * including fire, theft, vandalism, windstorm * * * rain, ice, collision or accident or any other act of God. Lessee agrees to keep the boat fully insured." The plaintiff argued that because the term "negligence" was not specifically included in the rental agreement, the terms of the lease were not sufficient to absolve defendant of liability for its own negligence.

In *Rhode Island Hospital Trust National Bank v. Dudley Service*, 605 A.2d 1325 (R.I. 1992), this court determined that exculpatory

terms similar to those in the instant rental agreement clearly and unambiguously shifted the burden to the lessee to provide insurance for its property. This court does not simply mechanically search for use of the term "negligence" in making a determination in a case such as this one, but examines the intent of the parties as expressed in the contract. In this case, the provision that releases the lessor (the defendant) from "all liability from loss, injury (including death) or for damages to persons or property" absolved the defendant from its own negligence.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court.